Van Bbunt, P, J.
This action was brought to recover damages for the failure of the defendants to deliver, according to agreement, certain cases of cambric. The answer admitted the the partnership of the defendants and denied each and every other allegation contained in the complaint.
There was no question but that a contract such as is described in the complaint was entered into by the plaintiff with one Alexander Rhind, and the question involved in the case was whether Alexander Rhind was acting; *378 individually or on behalf of the defendants. Alexander Rhind was engaged in business in the city of New York and the defendants were co-partners in business at Dundee, Scotland, under the firm name of D. Martin & Co.
It is admitted that the contract made with the plaintiff by Alexander Rhind was transmitted to the defendants at Dundee, Scotland, to be filled. The defendants, claimed, however, that Alexander Rhind was not acting as their agent in the making of this contract, but that in accepting the order from him they were dealing with him as a principal and had no relations whatever with the plaintiffs. Evidence was offered for the purpose of showing that Alexander Rhind in the making of this contract was acting as the agent of the defendants, and the referee so found and reported against the defendants accordingly.
During the course of the trial, a witness was put upon the stand who had been in the employ of Alexander Rhind and subsequently in the employ of the firm of David Martin & Co. This witness was asked the following question.
“In your previous examination you testified you saw the copy letters from David Martin & Co., heretofore put in evidence in this case, and also a letter from David Martin & Co., to Alexander Rhind, inclosing these copy letters. Please state the contents of the letter from David Martin & Co., to Alexander Rhind ? ”
The defendant's counsel objected to the evidence, amongst others, on the ground of its not being the best evidence.
Notice having been given by the plaintiff’s counsel to the defendant’s counsel to produce this letter, amongst others, and said counsel having stated that he was unable to find the said letter, the objection was overruled, and an exception taken by the defendant’s and the witness gave the contents of the letter, which evidence was material upon the question of the relation existing between Alexander Rhind and David Martin & Co., in reference to this contract.
It would seem that this ruling was error. The letter in question was not written to the defendants but by them. There was no presumption that it was under their control, and there was no evidence going to show what had become of the letters, papers and book of Alexander Rhind, who was dead at the time of the trial. The mere notice to produce, given to the defendants, authorized the plaintiff only to give secondary evidence, of such papers and documents as might naturally be presumed to be within their control. No such presumption arose as to the corresponcence between David Martin & Co. and Alexander Rhind. At the. time of this correspondence, Alexander Rhind was in New York and David Martin & Co., were at Dundee, Scotland. There would seem, therefore, to be no reason to suppose that the firm of Martin & Co., would have the possession of letters which were directed and sent to Alexander Rhind. The
*379 letter being material both as to its contents and as showing the enclosure and authenticity of the copy letters handed by Alexander Rhind to Mr Vogel, may have had, and probably did have great influence with the referee in determining the question at issue that Martin & Co., and not Alexander Rhind were the real principals in the contract made with Mr. Vogel.
For these reasons the error complained of cannot be disregarded, and the judgment must be reversed and a new trial ordered before another referee, with costs to the appellants to abide the event.
Brady and Daniels, JJ., concur.